

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,623-01

### EX PARTE TERRANCE JEROME WILLIAMS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR31589-A IN THE 253RD DISTRICT COURT FROM LIBERTY COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest with a vehicle and sentenced to twenty years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things, that his plea was involuntary because he was threatened by the prosecutor, trial judge, and defense counsel to accept the plea even though there was evidence of Applicant's innocence. Applicant contends the trial judge threatened Applicant that "he would personally see to it that Applicant received the maximum penalty allowable by law." Therefore, because he was facing a maximum punishment of ninety-nine years' or life imprisonment,

Applicant "was forced by the situation" to plead guilty. Applicant also alleges that counsel was deficient for: (1) failing to put on a proper defense and withheld evidence, namely eyewitness testimony, establishing Applicant's innocence; (2) failing to request a competency hearing; and, (3) failing to file a motion to suppress the video recording discs that had been tampered with and altered.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel and involuntary plea. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall make findings as to whether the performance of Applicant's attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: April 26, 2017
Do not publish